UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LINDA HANSON,

Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

Defendant.

CASE NO. C13-1151JLR

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

Before the court is Plaintiff Linda Hanson's motion for partial summary judgment. (Mot. (Dkt. # 16).) The court has considered the motion, the parties' submissions filed in support thereof and opposition thereto, the balance of the record, and the applicable law. Being fully advised, the court GRANTS in part and DENIES in part Ms. Hanson's

motion.[1] The court finds as a matter of law that Ms. Eileen Stauss was Safeco's apparent agent during the investigation of Ms. Hanson's insurance claim. Ms. Stauss' receipt the Fullwiler estimate, however, is a genuinely disputed issue of material fact and therefore not a proper subject for disposition on summary judgment.

## II. BACKGROUND

### A. History of Ms. Hanson's Insurance Claim

Defendant Safeco Insurance Company of America ("Safeco") insured Ms. Hanson's house in Spokane, Washington under a Landlord's Protection policy. Ms. Hanson's policy was in effect on September 12, 2011. (Compl. (Dkt. # 2-1) ¶ 3.2.) On September 12, 2011, a fire severely damaged Ms. Hanson's house. (*Id.* ¶ 3.3.) After discovering the fire damage, Ms. Hanson submitted an insurance claim to Safeco. (*Id.* ¶ 3.5.) On June 25, 2012, Ms. Hanson hired Jerry Fullwiler, owner of Fullwiler Construction, to examine the house and deliver a written estimate of the fire damage ("Fullwiler estimate"). (*See* Hanson Decl. (Dkt. # 16) Ex. C at 19.)[2] Mr. Fullwiler estimated the replacement cost of Ms. Hanson's house to be $268,752.88. (*Id.* at 49.)

Safeco sent its coverage decision to Ms. Hanson's attorney on May 6, 2013. (*See* Eversole Decl. (Dkt. # 18) Ex. 7 at 36.) Safeco accepted coverage for Ms. Hanson's

---

[1] No party requested oral argument, and the court deems it unnecessary for proper disposition of Ms. Hanson's motion.

[2] Ms. Hanson's motion, the Hanson Declaration, the Chakalo Declaration, and several exhibits are all contained within docket number 16.

property loss and informed her that she would receive a payment of $110,159.05.[3] (*Id.*) Safeco contends that Ms. Hanson's attorney never contacted Safeco to dispute its evaluations or calculations. (*See* Resp. (Dkt. # 17) at 3.) Safeco also claims that Ms. Hanson never provided it with the Fullwiler estimate. (*Id.*)

**B. Safeco Attorney Eileen Stauss**

Safeco designated attorney Eileen Stauss to assist with investigating the fire and handling Ms. Hanson's claim. (Eversole Decl. ¶ 3.) At that time, Ms. Stauss was an employee of the Law Offices of Kelley Sweeney. (*See id.* ¶ 5.)

A number of documents within the record provide insight into Ms. Stauss' authority regarding the investigation. Ms. Stauss began a letter to Ms. Hanson, dated November 3, 2011, as follows: "I am an attorney for Safeco Insurance Company of America ('Safeco'). On behalf of Safeco and pursuant to the above referenced policy, I am writing to advise you that Safeco is requesting that you attend an examination under oath (EUO)." (Eversole Decl. Ex. 3 at 8.) In a letter dated November 17, 2011, Safeco employee Jerry Faulkner wrote to Ms. Hanson's attorney, "[a]s you are aware, Eileen M. Stauss and Traci Johnson of Safeco Insurance of America are assigned to assist in all aspects of your client's claim." (Hanson Decl. Ex. B at 1.) In a November 15, 2012, letter, Mr. Faulkner wrote to Ms. Hanson's attorney, "Eileen Stauss, attorney representing Safeco Insurance Company, and you are continuing to work toward completing this

---

[3] Safeco found the damage to Ms. Hanson's house to be $143,660.58. (*See* Eversole Decl. Ex. 7.) Safeco subtracted $28,580.60 in depreciation and Ms. Hanson's $5,000.00 deductible to reach the final payment amount. (*Id.*)

investigation." (Eversole Decl. Ex. 2 at 6.) Finally, in a letter dated December 20, 2012, Safeco employee Charles Green wrote to Ms. Hanson's attorney and repeated Mr. Faulkner's statement, "Eileen Stauss, attorney representing Safeco Insurance Company, and you are continuing to work toward completing this investigation." (Eversole Decl. Ex. 8 at 38.)

Safeco asserts that Ms. Stauss' authority was limited to administering an examination under oath. (*See* Resp.) There is no indication in the record, however, that Safeco so limited Ms. Stauss' authority with respect to Ms. Hanson's claim in any of its statements to either Ms. Hanson or her attorney. Safeco contends that Ms. Stauss' contract with the Law Offices of Kelley Sweeney expired the week of September 11, 2012. (Eversole Decl. ¶ 5.) Neither party, however, disputes that Ms. Stauss continued assisting Safeco with Ms. Hanson's claim after the expiration of her contract. (*See id.* ¶ 6 ("Although Ms. Stauss no longer worked for Kelley Sweeney's office, she agreed to complete the EUO and to provide legal counsel regarding the same.").)

**C. Ms. Stauss' Receipt of the Fullwiler Estimate**

Ms. Hanson's attorney sent Ms. Stauss a letter containing the Fullwiler estimate on August, 20, 2012. (Chakalo Decl. (Dkt. # 16) at 55.) On September 12, 2012, Ms. Stauss told Ms. Hanson's attorney over the telephone that she had not received his August 20, 2012, letter. (Hanson Decl. ¶ 6) That same day, Ms. Hanson's attorney sent an email containing the Fullwiler estimate to the email address Eileen.Stauss@LibertyMutual.com. (*Id.* ¶ 7.) This is the email address that Ms. Stauss used while under contract with the

Law Offices of Kelley Sweeney. (*See id.* ¶¶ 5-7.) As noted above, however, her contract with that law office expired the week of September 11, 2012. (*Id.* ¶ 5.)

According to Ms. Hanson's attorney, his September 12, 2012, email did not return as "undeliverable," so he had no reason to think that it was not received by Ms. Stauss' email account. (*Id.* ¶ 8.) Upon investigation at Safeco's request, attorney Kelley Sweeney located the September 12, 2012, email in the email account of Eileen.Stauss@LibertyMutual.com. (Eversole Decl. ¶ 8.) Safeco contends, however, that by September 12, 2012, Ms. Stauss no longer used her Liberty Mutual email. (Resp. at 6; *see* Eversole Decl. ¶¶ 5-8.) Instead, according to Safeco, Ms. Stauss was using the email address Eileenstauss@earthlink.net. (Resp.. at 2; *see* Eversole Decl. ¶ 7.)

In a letter dated September 28, 2012, Ms. Hanson's attorney wrote to Ms. Stauss, "I have made multiple attempts to reach you by email during the last week, but your email provider says it is 'restricted' and refuses to accept mine." (Eversole Decl. Ex. 5 at 26.) The letter contained copies of at least two of the failed delivery notifications, one dated September 25, 2012, and the other dated September 28, 2012. (*Id.* at 26, 31.)

Ms. Stauss emailed Ms. Hanson's attorney on October 8, 2012.[4] (*Id.* at 1.) In the email, Ms. Stauss requested that Ms. Hanson's attorney resend any documents or letters sent after September 10, 2012. (*Id.*) She stated that she had received "some but not all" file materials from Safeco. (*Id.*) Ms. Stauss also requested that Ms. Hanson's attorney send the documents or letters "directly" to her. (*Id.*)

---

[4] Ms. Stauss appears to have sent the October 8th, 2012, email from her Earthlink email account (Eileenstauss@earthlink.net). (Eversole Decl. Ex. 5 at 1.)

**D. Procedural History of Ms. Hanson's Civil Claims**

On June 12, 2013, Ms. Hanson filed a complaint against Safeco in King County Superior Court. (*See* Compl.) She claims damages under: (1) the Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq.*, (2) the Washington Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015, and (3) the doctrine of bad faith. (*Id.*) Safeco removed the suit to this court pursuant to 28 U.S.C. §§ 1332(a) and Local Rule LCR 101(a) of the Western District of Washington. (*See* Notice (Dkt. # 1).)

On May 29, 2014, Ms. Hanson filed a motion for partial summary judgment. (*See* Mot. (Dkt. # 16).) She requests that the court find as a matter of law that: (1) Ms. Stauss was Safeco's agent during its investigation of Ms. Hanson's insurance claim, and (2) Ms. Stauss and Safeco received a copy of the Fullwiler estimate of the fire damage either in Ms. Hanson's attorney's August 20, 2012, letter to Ms. Stauss or in his September 12, 2012, email to Ms. Stauss. (*Id.* at 1.) Safeco filed a response arguing that: (1) Ms. Hanson's motion is procedurally improper, and (2) the requested factual findings are genuinely disputed. (Resp. (Dkt. # 17) at 1.)

## III. ANALYSIS

**A. Standards**

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). A genuine issue of material fact exists if there is "sufficient evidence supporting the claimed factual dispute" so as to require a "jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968).

The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, then the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial" in order to withstand summary judgment. *Galen*, 477 F.3d at 658. The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007). If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case. Fed. R. Civ. P. 56(g).

**B. Ms. Hanson's Motion is Procedurally Proper Under Rule 56**

Ms. Hanson's motion for partial summary judgment is procedurally proper because it seeks judgment on part of her claims. Safeco argues that Ms. Hanson's motion is procedurally improper because "it does not identify any material claim or defense upon which summary judgment can be granted." (Resp. at 6.) Indeed, Ms. Hanson's motion does not request full judgment on any of her claims. (*See* Mot.) Ms. Hanson, however,

contends that Federal Rule of Civil Procedure 56 permits her to move for summary judgment on just part of a claim. (Reply (Dkt. # 19) at 1.) The court agrees.

Rule 56 permits a party to seek summary judgment on a part of a claim without seeking judgment on the whole claim. Prior to the 2010 amendments to Rule 56, Safeco's argument may have had merit. Numerous federal circuit courts of appeal held, prior to 2010, that moving for summary judgment on a portion of a claim was barred under Rule 56. *See, e.g.*, *Coffman v. Federal Laboratories, Inc., et al.*, 171 F.2d 94, 98 (3rd Cir. 1948); *Biggins v. Oltmer Iron Works*, 154 F.2d 214, 217 (7th Cir. 1946). At least some district courts within the Ninth Circuit also followed this rule. *See, e.g.*, *Aetna Cas. & Sur. Co. v. Jeppesen & Co.*, 440 F.Supp 394, 403 n.13 (D. Nev. 1977) ("Subdivision (d) of Rule 56 relating to summary judgment in a case not fully adjudicated on a motion, does not contemplate a summary judgment for any portion of a claim less than the whole").

Since the 2010 amendments, however, the first sentence of Rule 56 states, "[a] party may move for summary judgment, identifying each claim or defense—*or the part of each claim or defense*—on which summary judgment is sought." Fed. R. Civ. P. 56(a) (italics added). The Advisory Committee Notes explain, "[t]he first sentence is added to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense." Fed. R. Civ. P. 56 advisory committee's note. After the 2010 amendments, various courts have rejected the notion that Rule 56 precludes summary judgment on a portion of a claim. "Since the amendments, however, the argument that summary judgment is not proper for a portion

of a single claim has lost its pluck." *In re SemCrude, L.P.*, Bankruptcy No. 08-11525 (BLS), 2012 WL 694505, at *3 (D. Del. March 1, 2012); *see also Servicios Especiales Comercio Exterior v. Johnson Controls, Inc.*, 791 F. Supp. 2d 626, 631 (E.D. Wis. 2011) ("Subsection (a) now explicitly states that a party may move for summary judgment on a 'part of [a] claim or defense.'").

Amended Rule 56 subsection (g) further supports the procedural validity of Ms. Hanson's motion. "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g). Taken in conjunction with Rule 56 subsection (a), subsection (g) permits the court to establish undisputed factual findings that are brought within a motion for summary judgment.

District courts within the Ninth Circuit have granted partial summary judgment on the question of apparent agency. *See Rozales v. Baker*, C09-0065JCC, 2010 WL 4068926, at *6 (W.D. Wash. Oct. 15, 2010) (granting partial summary judgment in favor of defendant hospital that doctor was not its apparent agent); *Oregon Freeze Dry, Inc. v. Am. Logistics, LLC*, No. CV 05-1119-ST, 2006 WL 2707967, at *12 (D. Or. Sept. 18, 2006) (ruling on partial summary judgment that third-party was plaintiff's apparent agent because undisputed facts demonstrated that plaintiff's conduct, as a matter of law, caused defendant to reasonably believe that a third-party had authority to to act on plaintiff's behalf). Thus, the court concludes that this issue is appropriate for disposition under Rule 56.

Although the court was unable to find cases granting partial summary judgment with factual scenarios similar to those at issue with respect to Ms. Stauss' receipt of the Fullwiler Estimate, the court is convinced, based on the 2010 amendments to Rule 56, that this issue is procedurally appropriate for disposition on partial summary judgment as well. Nevertheless, it is ultimately immaterial whether summary judgment is procedurally proper regarding this issue or not because, as discussed below, the court denies that aspect of Ms. Hanson's motion.

**C. Ms. Stauss was Safeco's Apparent Agent**

1. No Genuine Dispute of Material Fact Exists

The court finds that Ms. Stauss was Safeco's apparent agent during the investigation of Ms. Hanson's insurance claim. A corporation can act only through its agents. *Mauch v. Kissling*, 783 P.2d 601, 604 (Wash Ct. App 1989). When the corporation's agents act within the scope of their authority, their actions are the actions of the corporation itself. *Id.* In addition to actual authority, a principal may be liable because of the apparent authority of its agent. *Id.* A person acts with apparent authority when a principal makes objective manifestations to a third party that lead the third party to believe that the person is the agent of the principal. *King v. Riveland*, 886 P.2d 160, 165 (Wash. 1994). The manifestations must be sufficient to mislead a reasonable person. *Barnes v. Treece*, 549 P.2d 1152, 1156 (Wash. Ct. App. 1976). Ordinarily, the question of apparent authority is a factual determination to be made by the trier of fact, unless there is no evidence presented raising a dispute of material fact. *Mauch*, 783 P.2d. at 605; *see also Oregon Freeze Dry, Inc.*, 2006 WL 2707967, at *12.

Safeco has not presented any evidence that creates a dispute of fact regarding Ms. Stauss' apparent agency. Safeco repeatedly made objective manifestations to Ms. Hanson that led her to reasonably believe that Ms. Stauss was Safeco's agent regarding all aspects of her insurance claim. Safeco employee Jerry Faulkner specifically wrote that Ms. Stauss was assigned "to assist in all aspects of [Ms. Hanson's] claim." (Hanson Decl. Ex. B at 1.) Mr. Faulkner's statement would lead a reasonable person to believe that Ms. Stauss was Safeco's agent with respect to "all aspects" of the insurance claim. In addition, Mr. Faulkner and Safeco employee Charles Green both wrote to Ms. Hanson's attorney, "Eileen Stauss, attorney representing Safeco Insurance Company, and you are continuing to work toward completing this investigation." (Eversole Decl. Ex. 2 at 6; Eversole Decl. Ex. 8 at 38.) Mr. Faulkner and Mr. Green's statement would lead a reasonable person to believe two things: (1) Ms. Stauss was an attorney and agent of Safeco, and (2) Ms. Stauss was working on Safeco's behalf and as its agent in completing the investigation of Ms. Hanson's claim. Thus, Ms. Stauss was Safeco's apparent agent during the investigation of Ms. Hanson's insurance claim.

2. <u>Safeco's Argument</u>

Safeco argues that Ms. Stauss was not its agent, and instead was an independent contractor hired only to perform an examination under oath. (Reps. at 7.) Safeco's argument, however, holds no weight regarding Ms. Stauss' apparent agency.

First, Safeco appears to argue that if Ms. Stauss were an independent contractor then she could not have been its apparent agent. (*Id.*) Unfortunately for Safeco, a person may be both an independent contractor and an apparent agent of the principal. *See Mohr*

*v. Grantham*, 262 P.3d 490, 498 (Wash. 2011) ("A finding of apparent agency can subject a hospital to vicarious liability for the negligence of contractor physicians . . . ."); *see also Adamski v. Tacoma General Hospital*, 579 P.2d 970, 977-78 (Wash. Ct. App. 1978). Ms. Stauss' status as Safeco's apparent agent depends solely upon Safeco's statements to Ms. Hanson. Thus, even if Ms. Stauss were an independent contractor for Safeco, she would not be precluded from also being Safeco's apparent agent.

Second, the allegedly limited scope of Ms. Stauss' employment is irrelevant unless it was expressed to Ms. Hanson. "[A]n insurance company will be estopped to deny that a certain person is its agent or possesses the authority he assumes to exercise where the insurance company knowingly causes or permits him so to act as to justify a third person of ordinarily careful and prudent business habits to believe that he possesses the authority exercised." *Pagni v. New York Life Ins. Co.*, 23 P.2d 6, 16 (Wash. 1933). The record does not contain any correspondence between Safeco and Ms. Hanson that would give Ms. Hanson notice of any limitations in Ms. Stauss' authority to represent Safeco. A person of ordinarily careful and prudent business habits would have believed that Ms. Stauss possessed the authority to "assist in all aspects of [Ms. Hanson's] claim." (*See* Hanson Decl. Ex. B at 1.)

Finally, Safeco's argument is unsupported by the evidence in the record. Since Ms. Hanson has met the burden of establishing the absence of a genuine issue of material fact, the burden shifts to Safeco to designate specific facts demonstrating the existence of genuine issues of material facts. Safeco did not set forth specific facts and merely asserted that Ms. Stauss' authority was, in fact, limited. Safeco failed to meet its burden,

entitling Ms. Hanson to partial summary judgment on the issue of Ms. Stauss' apparent agency.

**D. Ms. Stauss' Receipt of the Fullwiler Estimate**

1. <u>The Parties Genuinely Dispute Ms. Stauss' Receipt of the Fullwiler Estimate</u>

The court denies summary judgment on the issue of Ms. Stauss' receipt of the Fullwiler estimate because Ms. Hanson and Safeco genuinely dispute material facts. Ms. Hanson requests that the court find that Ms. Stauss received the Fullwiler estimate in an August 20, 2012, letter. Ms. Hanson also requests that the court find that Ms. Stauss received the Fullwiler estimate in a September 12, 2012, email. Safeco has provided sufficient evidence to show the existence of a genuine factual dispute, so summary judgment is improper on this issue.

First, Safeco has provided sufficient evidence that Ms. Stauss may not have received the August, 20, 2012, letter containing the Fullwiler estimate. The parties do not dispute that Ms. Stauss explicitly told Ms. Hanson's attorney during a September 12, 2012, telephone conference that she had not received the August 20, 2012, letter. (*See* Mot. at 3; Resp. at 6.) The September 12, 2012, email from Ms. Hanson's attorney to Ms. Stauss begins, "[t]hank you for speaking with me just now. It sounds like you have not yet seen my August 20, 2012 letter." (Eversole Decl. Ex. 6 at 2.) The evidence shows the existence of a genuine dispute about Ms. Stauss' receipt of the August 20, 2012, letter containing the Fullwiler estimate.

Second, Safeco has provided sufficient evidence that Ms. Stauss may not have received the September 12, 2012, email containing the Fullwiler estimate. Ms. Hanson's

attorney sent the September 12, 2012 email to Ms. Stauss' Liberty Mutual email address (Eileen.Stauss@LibertyMutual.com). (Eversole Decl. ¶ 8.) The parties do not appear to dispute that, at some point in time, Ms. Stauss stopped using her Liberty Mutual email account and began exclusively using her Earthlink email account (EileenStauss@earthlink.net). The exact date at which Ms. Stauss stopped using her Liberty Mutual email account remains unclear. Safeco claims that Ms. Stauss stopped using her Liberty Mutual email account at the expiration of her contract with the Law Offices of Kelley Sweeney. (Resp. at 2, 6.) Ms. Stauss' contract expired "the week of September 11, 2012." (Eversole Decl. ¶ 5.) The week of September 11, 2012, included days both before and after September 12, 2012, the day Ms. Hanson's attorney sent the email. Thus, viewing the facts most favorably to Safeco, Ms. Stauss may have stopped using her Liberty Mutual email account before September 12, 2012.

Ms. Stauss' October 8, 2012, email to Ms. Hanson's attorney (from her Earthlink email account) also casts doubt on Ms. Stauss' receipt the September 12, 2012, email. (*See* Eversole Decl. Ex. 5.) In the October 8, 2012, email, Ms. Stauss requested that Ms. Hanson's attorney resend directly to her any "documents or letters" that were sent after September 10, 2012. (*Id.* at 24.) One could reasonably infer from Ms. Stauss' request that she did not receive emails sent to her Liberty Mutual account after September 10, 2012. On the other hand, Ms. Hanson also switched mailing addresses the week of September 11, 2012 (at the expiration of her contract). (Eversole Decl. ¶ 6.) Ms. Stauss' request does not refer to resending emails, but resending "documents and letters." (*See* Eversole Decl. Ex. 5.) One could reasonably infer that Ms. Stauss' October 8, 2012,

request extended only to physically mailed or faxed letters and provides no insight into her email accessibility. Thus, the conclusions of reasonable fact finders may differ regarding Ms. Stauss' receipt of the September 12, 2012, email containing the Fullwiler estimate.

When the evidence is considered in the light most favorable to the nonmoving party, a genuine issue of material fact exists. Ms. Hanson and Safeco genuinely dispute whether Ms. Stauss received the Fullwiler estimate. For this reason, the court denies this aspect of Ms. Hanson's motion for partial summary judgment.

2. Safeco's Remaining Arguments

The court notes that some of Safeco's implied arguments and supportive evidence are misleading. Safeco points out that in a September 28, 2012, letter, Ms. Hanson's attorney "*acknowledges* that his "multiple' prior email attempts to Eileen.Stauss@libertymutual.com had not been successful, and that he had received the message in response that delivery to that email was 'restricted.'" (Resp. at 2-3 (italics in original).) In context, Safeco appears to use this statement to imply: (1) that Ms. Stauss' Liberty Mutual account was functionally incapable of receiving emails on September 12, 2012, and (2) that Ms. Hanson's attorney had notice of the email switch prior to September 12, 2012.

First, the record does not indicate that any attempts to email Ms. Stauss' Liberty Mutual email address prior to September 12, 2012, were unsuccessful. The functionality of Ms. Stauss' Liberty Mutual email account at some later date does not provide any

insight into its functionality on September 12, 2012.[5] In addition, the September 12, 2012, email was, in fact, located and recovered at Ms. Stauss' Liberty Mutual email account. (Eversole Decl. ¶ 8.) Thus, the record does not support Safeco's suggestion that Ms. Stauss' Liberty Mutual email account was functionally incapable of receiving the September 12, 2012, email.

Second, the record does not support Safeco's suggestion that Ms. Hanson's attorney had notice, prior to September 12, 2012, that Ms. Stauss' email address had changed. Safeco asserts, "[Ms. Hanson's attorney] appears to have been fully aware of the new contact information for Ms. Stauss and emailed with Ms. Stauss at her new email address regularly." (Resp. at 6.) In the record, however, all correspondence between Ms. Hanson's attorney and Ms. Stauss' Earthlink email (presumably the "new email" Safeco refers to) occurred *after* September 12, 2012, the relevant date. (*See* Eversole Decl. Ex. 5.) Thus, the record does not support Safeco's suggestion that Ms. Hanson's attorney had notice of the change in Ms. Stauss' email address prior to September 12, 2012.

The court finds the foregoing aspects of Safeco's response to Ms. Hanson's motion troubling because Safeco's arguments seemed to stretch the record uncomfortably. Nevertheless, Safeco has established a genuine issue of material fact with respect to whether Ms. Stauss received the Fullwiler estimate. (*See supra* § III.D.1.) Accordingly, as stated above, the court denies this portion of Ms. Hanson's motion. The

---

[5] The emails Ms. Hanson's attorney attached were dated September 25, 2012, and September 28, 2012, respectively. (Eversole Decl. Ex. 5.)

court, however, cautions the parties to parse the record carefully when making arguments to the court in future filings.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Ms. Hanson's motion for partial summary judgment (Dkt. # 16).

Dated this 30th day of July, 2014.

JAMES L. ROBART
United States District Judge